UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANN JENKINS and ERNEST F. JENKINS, JR., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 09-11728-JLT |
| | * | |
| NETWORK SOLUTIONS, LLC, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM

February 28, 2011

TAURO, J.

I.  Introduction

Ann Jenkins and Ernest F. Jenkins, Jr. ("Plaintiffs") were registrants of a domain name for which Defendant Network Solutions, LLC ("Defendant") was the registrar. Presently at issue is Defendant's Motion to Dismiss the Amended Complaint [#15]. For the following reasons, that Motion is ALLOWED.

II.  Background

　　A.  Factual Background[1]

Plaintiff Ann Jenkins was a corporate officer and administrator of Modular Services, LLC,

---

[1] Because the issues analyzed here arise in the context of a motion to dismiss, this court presents the facts as they are related in Plaintiffs' Amended Complaint, Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiffs, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)). In addition, this court presents those facts that may be gleaned from documents "sufficiently referred to in the complaint" and Amended Complaint. See Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (holding that a court may properly consider such documents with a Rule 12(b)(6) motion to dismiss).

which held the domain name MOD.COM.[2] Modular services, LLC dissolved, and registration of MOD.COM was transferred to Ann.[3] In connection with this transfer, on or about November 23, 2005, Ann entered into a "Registrant Name Change Agreement" with Defendant.[4] By so doing, Ann agreed to be bound by the then-current version of Defendant's service agreement, "Service Agreement Version Number 7.6.2" ("2005 Agreement").[5]

The 2005 Agreement details the rights and responsibilities of the Parties. The first paragraph of the 2005 Agreement defines "you" to mean the customer, Ann, and her "agents, including each person listed in [her] account information as being associated with [her] account."[6] The paragraph continues:

> When you use your account or permit someone else to use your account to purchase or otherwise acquire access to additional Network Solutions services(s) or to modify or cancel your Network Solutions service(s) . . . , this Agreement as amended covers any such service or actions.[7]

The 2005 Agreement also provides that Defendant had the authority to revise the contract and that such revisions were binding unless Ann notified Defendant that she did not consent to the revisions.[8]

---

[2] See Am. Compl. ¶ 12 [#14]

[3] See Am. Compl. ¶ 12 [#14]

[4] See Mem. Supp. Mot. Def. Dismiss Compl., Ex. A, 1–4 [#4] (attaching the Registrant Name Change Agreement).

[5] See Mem. Supp. Mot. Def. Dismiss Compl., Ex. A, 3, 5 [#4].

[6] Mem. Supp. Mot. Def. Dismiss Compl., Ex. A, 5, ¶ 1 [#4].

[7] Mem. Supp. Mot. Def. Dismiss Compl., Ex. A, 5, ¶ 1 [#4].

[8] See Mem. Supp. Mot. Def. Dismiss Compl., Ex. A, 10, ¶ 12 [#4] ("[Y]ou agree, during the term of this Agreement, that we may: (1) revise the terms and conditions of this Agreement;

Additionally, the 2005 Agreement contained a forum-selection clause:

You and Network Solutions agree that this Agreement and any disputes hereunder shall be governed in all respects by and construed in accordance with the laws of the Commonwealth of Virginia, United States of America, excluding its conflict of laws rules. You and we each agree to submit to exclusive subject matter jurisdiction, personal jurisdiction and venue of the United States District Court for the Eastern District of Virginia, Alexandria Division for any dispute between you and Network Solutions under, arising out of, or related in any way to this Agreement . . . .[9]

On October 17, 2006, Service Agreement Version Number 7.7.3 ("2006 Agreement") went into effect, thereby replacing the 2005 Agreement.[10] In all material respects, including the forum-selection clause, the 2005 Agreement and the 2006 Agreement are identical.

In December 2006, Plaintiffs and Defendant entered into a contract[11] made up of various "collected electronic communications" ("Electronic Agreement").[12] By way of this Electronic

---

and/or (2) change part of the services provided under this Agreement at any time. . . . If you do not agree with any revision to the Agreement, you may terminate this Agreement at any time . . . . By continuing to use Network Solutions services after any revision to this Agreement or change in service(s), you agree to abide by and be bound by any such revisions or changes.").

[9] Mem. Supp. Mot. Def. Dismiss Compl., Ex. A, ¶ 21(a) [#4]; see Mem. Supp. Mot. Def. Dismiss Am. Compl., 1 n.1 [#16] (incorporating by reference Defendant's motion to dismiss the original Complaint and all arguments set forth in its memorandum of law and reply brief in support of its prior motion to dismiss).

[10] See Mem. Supp. Mot. Def. Dismiss Am. Compl., Ex. A [#16]; Mem. Supp. Mot. Def. Dismiss Am. Compl., 4 & n.8 [#16]; see also Rivera, 575 F.3d at 15 (explaining that on Rule 12(b)(6) motions, a court "may properly consider" "'documents sufficiently referred to in the complaint'").

[11] See Am. Compl. ¶ 13 [#14].

[12] The Amended Complaint alleges that the Electronic Agreement was entered into through various emails. Plaintiffs' Memorandum in Opposition to Defendants' Motion for Dismissal [#17] alleges that the Electronic Agreement was entered into through phone calls between Plaintiffs and Peter Kerrick, Defendant's Registrar. In Plaintiffs' Memorandum in Opposition to Defendant's Second Reply Memorandum [#20], Plaintiffs retract their prior statement regarding the phone calls with Kerrick and allege that the Electronic Agreement was entered into by way of phone calls with Defendant's customer service department.

Agreement, registration was transferred from Ann to both Plaintiffs, and Defendant was to bill Ann.[13] This Electronic Agreement constituted a binding contract, was electronically signed, and did not contain a binding forum-selection clause.[14]

On January 19, 2007, an unidentified individual gained access to Plaintiffs' account and transferred the domain name MOD.COM to another individual.[15] At the time of this transfer, the only person authorized to make transfers was Ann.[16] She did not authorize the transfer.[17] Defendant has refused to identify the individual to whom the website was transferred and has not provided any information about the process.[18]

B.    Procedural Background

Plaintiffs filed this action in the Massachusetts Superior Court for Middlesex County on September 22, 2009.[19] Defendant removed the case to the United States District Court for the District of Massachusetts on October 16, 2009.[20] On October 19, 2009, Defendant filed a motion to dismiss the original complaint, arguing that Plaintiffs' claims were barred by the forum-

---

Defendant "has no record of entering into a superseding agreement" with Plaintiffs but assumes that the allegation is true for the purposes of this motion to dismiss. Mem. Supp. Mot. Def. Dismiss Am. Compl., 3 [#16].

[13] See Am. Compl. ¶ 13 [#14].

[14] See Am. Compl. ¶ 33 [#14].

[15] See Am. Compl. ¶¶ 4, 10 [#14].

[16] Am. Compl. ¶ 20 [#14].

[17] See Am. Compl. ¶ 10 [#14].

[18] Am. Compl. ¶ 17 [#14].

[19] See State Ct. R., 2 [#8].

[20] See Notice Removal [#1].

selection clause in the 2005 Agreement.[21]

On April 28, 2010, this court found that the forum selection clause was binding and thus allowed Defendant's Motion to Dismiss.[22] In dismissing the Complaint, this court allowed Plaintiffs thirty days to file an amended complaint.[23]

Plaintiffs filed their Amended Complaint on May 27, 2010,[24] and on June 10, 2010, Defendants filed a Motion to Dismiss the Amended Complaint.[25] On February 10, 2011, this court held a Motion Hearing on the matter and took the motion under advisement.

III. Discussion

This court has already determined, and it remains persuaded, that Plaintiffs are bound by the 2005 Agreement.[26] Given the provision in the 2005 Agreement that allows revisions, Plaintiffs

---

[21] See Mot. Def. Dismiss Compl. [#3].

[22] See Order, 1 [#13] ("As evidenced by the November 2005 contract between Defendant and Plaintiff Ann Jenkins, . . . this court is without jurisdiction over this action because of a binding forum selection clause agreed to by the parties.").

[23] See Order, 1–2 [#13] (allowing Plaintiffs "thirty days to file an Amended Complaint that alleges a claim over which this court has jurisdiction").

[24] See Am. Compl. [#14].

[25] See Mot. Def. Dismiss Am. Compl. [#15]. Defendant moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Id.; see Rivera, 575 F.3d at 15; Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 387 (1st Cir. 2001) ("[A] motion to dismiss based upon a forum-selection clause is treated as one alleging the failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).").

[26] See Order, 1 [#13]; see Silva, 239 F.3d at 386 ("[F]orum-selection clauses . . . ); see also United States v. Vigneau, 337 F.3d 62, 67 (1st Cir. 2003) (precluding "relitigation of the legal issues presented in successive stages of a single case once those issues have been decided"). In addition, this court notes in passing that the electronic signatures on the contracts at issue in this case do not affect the validity of those contracts. See 15 U.S.C. § 7001(a)(1) ("[A] signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form . . . .").

are bound also by the 2006 Agreement and its identical forum selection clause.

The Electronic Agreement did not replace the 2006 Agreement. If the Electronic Agreement affected the Parties' rights at all, its effect was to transfer ownership of the domain name MOD.COM from Ann to both Plaintiffs. Both Plaintiffs were then bound by the 2005 and 2006 Agreements, as the 2005 Agreement made clear that subsequent modification to the account or services that was initiated by the customer would bind both the customer and her agents to the 2005 Agreement and its amendments.[27]

Both Plaintiffs are thus bound by the forum-selection clause in the 2006 Agreement. Pursuant to that clause, Plaintiffs must file any claims against Defendant regarding these events in the United States District Court for the Eastern District of Virginia, Alexandria Division.[28] The Amended Complaint is thus barred by the forum-selection clause in the 2006 Agreement.

This court also notes in passing that it must dismiss the Amended Complaint as to Ann pursuant to Federal Rule of Civil Procedure 11(a). Under Rule 11(a), "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."[29] Further, a "court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."[30] Here, Ann did not sign the Amended Complaint and

---

[27] See supra notes 6–8 and accompanying text.

[28] See supra note 9 and accompanying text.

[29] Fed. R. Civ. P. 11(a); see also Edelkind v. Fairmont Funding, Ltd., 2007 U.S. Dist. LEXIS 97181, at *15 (Tauro, J.) ("[E]very pleading which [pro se] Plaintiff . . . intends to file in this Court must be signed by her personally . . . .").

[30] Fed. R. Civ. P. 11(a) (emphasis added).

Defendant called Plaintiffs' attention to that omission.[31] For that reason, in addition to the reasons above, the Amended Complaint must be dismissed as to Ann.

Because this court dismisses the Amended Complaint for the reasons above, it is not necessary for this court to address Defendant's argument that Plaintiffs' tort claims are insufficiently alleged.[32]

IV.     Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss the Amended Complaint [#15] is ALLOWED.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
    United States District Judge

---

[31] See Mem. Supp. Mot. Def. Dismiss Am. Compl., 1 n.2 [#16].

[32] See Mem. Supp. Mot. Def. Dismiss Am. Compl., 10–15 [#16].